UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JOHN "RALPH" ORTEGO | CIVIL ACTION NO. 10-510 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| MERIAL, LLC | BY CONSENT OF THE PARTIES |

### *MEMORANDUM RULING AND ORDER*

Before the Court is Defendant Merial LLC's Motion to Limit Testimony of Dr. Armand Coreil.  (Rec. Doc. 31)  Argument was presented by the parties at the Pre-Trial Conference on this date.  For the following reasons, and the reasons stated at the Pre-Trial Conference, the motion to limit testimony is **DENIED IN PART and DEFERRED IN PART.**

### *Argument of the Parties*

Merial, LLC, seeks to preclude Plaintiff from utilizing Armand B. Coreil III, DVM, as an expert witness in this case, to limit Dr. Coreil's testimony at trial to his care and treatment of the plaintiff's dogs, and to preclude Dr. Coreil from offering at trial any expert testimony that was not previously memorialized in a written expert report.[1]  Merial argues that it is entitled to the relief requested because Plaintiff did not properly designate Dr. Coreil as an expert witness or produce an expert report by Dr. Coreil on or before the expert report deadline.

Plaintiff argues that the defendants were on notice that Dr. Coreil would be called to testify as an expert because Dr. Coreil was identified as the treating veterinarian and listed in initial disclosures and answers to interrogatories.  Plaintiff also points out that Merial deposed Dr. Coreil, so there is no prejudice from the lack of formal designation or absence of an expert report.

---

[1] Rec. Doc. 31.

*Law and Analysis*

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert testimony.  It provides that, in addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any expert witnesses it may use at trial.  The disclosure must be accompanied by a written report, prepared and signed by the witness, *if the witness is retained or specially employed to provide expert testimony* in the case or one whose duties as the party's employee regularly involve giving expert testimony.[2]  Dr. Coreil was not retained or specially employed to provide expert testimony in this case; he is the treating veterinarian.  A plaintiff's treating physician is not bound by the Rule 26 reporting requirements.[3]  Therefore, Plaintiff was not required to provide an expert report from Dr. Coreil, and he will be allowed to testify at trial.

As a treating veterinarian, Dr. Coreil can certainly testify to his patients' diagnosis and treatment.  A treating physician may be asked questions that implicate his expertise.[4]  However, in the event that Dr. Coreil is asked to give an expert opinion that he is not qualified to render, or if the nature and scope of Dr. Coreil's testimony strays from the core of treatment, or the diagnoses and observations that he made, the defendant may raise an objection and Dr. Coreil's testimony may be limited accordingly.

It is within the discretion of the trial court whether to bar an expert witness based on untimely

---

[2] Fed. R. Civ. P. 26(a)(2)(B).

[3] *See, e.g., Beechgrove Redevelopment, LLC v. Carter & Sons Plumbing*, 2009 WL 981724 (E.D.La. Apr. 9, 2009)(unreported); *Boudreaux v. J.P. Morgan Chase & Co.*, 2007 WL 4162908, *2 (E.D.La. Nov.21,2007); *Knorr v. Dillard's Store Servs. Inc.*, 2005 WL 2060905, *3 (E.D.La. Aug.22, 2005).

[4] *See Herrera v. U.S.,* 2005 WL 492833 (W.D.Tex. Feb. 23, 2005)(*citing Robert Young, et al. v. U.S.,* 181 F.R.D. 344 (W.D.Tex. 1997).

designation.[5] Plaintiff identified Dr. Coreil as the treating veterinarian and a "may call witness" in initial disclosures on April 22, 2010.[6] Additionally, according to Merial, Plaintiff indicated in his answers to interrogatories of August 20, 2010, that Dr. Coreil would serve as an expert witness.[7] Merial took Dr. Coreil's deposition on November 3, 2010, and asked questions regarding Dr. Coreil's expertise and ability to render opinions as to causation.[8] The Court finds that Merial will not suffer prejudice by Dr. Coreil testifying at trial. To ensure that no prejudice is suffered, Merial can raise an objection at trialto specific questions asked, and the Court may limit Dr. Coreil's testimony accordingly if necessary.

*Conclusion*

**IT IS ORDERED** that Defendant Merial LLC's Motion to Limit Testimony of Dr. Armand Coreil (Rec. Doc. 31) is **DENIED IN PART AND DEFERRED IN PART**.

**Thus done and signed** at Lafayette, Louisiana, this 12th day of July, 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

---

[5] Rule 16(b) authorizes federal courts to control and expedite the discovery process through a scheduling order. Fed.R.Civ.P. 16(b). "Consistent with the authority vested in the trial court by rule 16, our court gives the trial court broad discretion to preserve the integrity and purpose of the pretrial order." *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir.1990) (internal quotation omitted).

[6] Rec. Doc. 31.

[7] Rec. Doc. 31.

[8] Rec. Doc. 31.

3